UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  Criminal No. 3:17-cr-00031-GHD-RP-1

RAYMORRIS ASENCIO

## MEMORANDUM OPINION

Now before this court is Defendant Raymorris Asencio's motion for judgment of acquittal, or alternatively, a new trial [125]. The government has responded, and the matter is now ripe for review. For the reasons set forth, the Court finds the motion should be denied.

### Background

On April 19, 2017, a grand jury charged Asencio and co-defendant Brianna Sparkman with (1) one count of sex trafficking of a minor by means of force, fraud, or coercion in violation of 18 U.S.C. § 1591; and (2) one count of transporting a minor across state lines to engage in criminal sexual activity in violation of 18 U.S.C. § 2423. Superseding Indictment [14]. On March 21, 2018, after a three-day trial, a jury convicted Asencio on both counts.[1] Verdict Form [95]. Asencio timely filed a motion for judgment of acquittal, *see* Fed R. Crim. P. 29(c)(1), and for a new trial, *see* Fed. R. Crim. P. 33(b)(2).

### Legal Standards

#### I. Motion for Judgment of Acquittal

Rule 29 of the Federal Rules of Criminal Procedure provides that a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A court "do[es] not weigh evidence or assess the credibility of witnesses,

---

[1] On August 21, 2017, Sparkman pleaded guilty to one count of accessory after the fact to transporting a minor in interstate commerce to engage in prostitution.

1

and the jury is free to choose among reasonable constructions of the evidence." *United States v. Ramos–Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008); *see United States v. Johnson*, 381 F.3d 506, 508 (5th Cir. 2004) (citing *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992), *cert. denied*, 507 U.S. 943, 113 S. Ct. 1346, 122 L. Ed. 2d 728 (1993) ("Determining the weight and credibility of the evidence is within the exclusive province of the jury.")). The jury verdict will be upheld if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). A court "views the evidence in the light most favorable to the verdict and draws all reasonable inferences from the evidence to support the verdict." *Percel*, 553 F.3d at 910 (internal quotation marks and citation omitted).

## II. Motion for New Trial

Rule 33 of the Federal Rules of Criminal Procedure provides in pertinent part that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(b). "In [the Fifth] Circuit, the generally accepted standard is that a new trial ordinarily should not be granted 'unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict.'" *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) (quoting *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004)). "'A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant.'" *Id.* (quoting *Wall*, 389 F.3d at 466). Accordingly, "harmless error," which is defined as "[a]ny error, defect, irregularity or variance which does not affect substantial rights," Fed. R. Crim. P. 52(a), does not warrant a new trial. *United States v. Akpan*, 407 F.3d 360, 369–70 (5th Cir. 2005).

2

## Analysis

### I. Sufficiency of the Evidence

Asencio challenges the sufficiency of the evidence that supported his conviction in Count One. When examining the sufficiency of the evidence underlying a conviction, this Court is "highly deferential to the verdict." *United States v. Moreno–Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011). The Court considers "whether any rational jury could have found the essential elements of the offenses beyond a reasonable doubt." *See United states v. Herrera*, 466 F. App'x 409, 414 (5th Cir. 2012) (quoting *United States v. Valdez*, 453 F.3d 252, 256 (5th Cir. 2006). "'It is not necessary that the evidence exclude every rational hypothesis of innocence or be wholly inconsistent with every conclusion except guilt, provided a reasonable trier of fact could find the evidence establishes guilt beyond a reasonable doubt.'" *Valdez*, 453 F.3d at 256 (quoting *United States v. Pruneda-Gonzalez*, 953 F.2d 190, 193 (5th Cir. 1992)). The question is thus whether the jury's verdict was reasonable—not whether it was correct. *Herrera*, 466 F.App'x at 414. (citing *Moreno–Gonzalez*, 662 F.3d at 372).

In sum, the Court must view the evidence and the inferences that may be drawn from it in the light most favorable to the verdict and resolve all inferences and credibility assessments in favor of the verdict. *See id.*; *United States v. Ortiz*, 942 F.2d 903, 908 (5th Cir. 1991) (citing *United States v. Singh*, 922 F.2d 1169, 1173 (5th Cir. 1991)).

Count One of the superseding indictment charged Asencio with sexual trafficking of CSP, a minor female, by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1), and (2). To sustain a conviction under that statute, the government must prove that (1) "the defendant knowingly recruited, enticed, harbored, transported, obtained or maintained [the victim];" (2) "the recruiting, enticing, harboring, transporting, providing, obtaining or maintaining of [the victim] was in or affecting interstate or foreign commerce," and (3) "the defendant committed such act

3

knowing or in reckless disregard of the fact that" either (a) "the [victim] was under the age of 18 years of age and would be caused to engage in a commercial sex act" or "means of force, threats of force, fraud, coercion . . . or any combination of such means [would] be used to cause the [victim] to engage in a commercial sex act." *United States v. Lockhart*, 844 F.3d 501, 509 (5th Cir. 2016); *United States v. Garcia-Gonzalez*, 714 F.3d 306, 312 (5th Cir. 2013). The jury found that Asencio committed the sex trafficking both with knowledge or in reckless disregard to the fact that CSP was a minor and with knowledge or in reckless disregard to the fact that means of force, threats of force, fraud, or coercion would be used to cause CSP to engage in a commercial sex act. Verdict Form [95].

There is sufficient evidence that Asencio recruited, enticed, harbored, transported, obtained, or maintained CSP. CSP testified that Asencio picked her up on the side of the road and told her that he would help her "make money." CSP and Sparkman both testified that Asencio drove them from Hattiesburg, to Grenada, to Oxford, back to Hattiesburg, and finally to Baton Rouge to engage in prostitution. Sparkman also testified that Asencio purchased hotel rooms for the girls to meet with the men.

There is sufficient evidence that the trafficking took place in or affected interstate commerce. Sparkman testified that Asencio told her that he created Backpage.com advertisements to solicit men for CSP. The government provided the advertisements as well as evidence linking them to a cell phone owned by Asencio's girlfriend. *See United States v. Pringler*, 755 F.3d 255, 263 (5th Cir. 2014) (evidence that defendant used cell phone and internet to advertise for prostitution services was sufficient to establish interstate commerce nexus).

There is sufficient evidence that Asencio caused CSP, or that he knew CSP would be caused, to engage in prostitution. CSP testified that Asencio told her that he would help her "make

4

money," which she was later told meant prostitution. Sparkman testified the same. Sparkman testified that she would give the money earned from the prostitution to Asencio.[2] Again, both CSP and Sparkman testified that Asencio advertised for CSP on Backpage. The government also provided recorded telephone conversations between Asencio and Sparkman wherein Asencio attempted to develop a cover story implicating a fictitious individual as the facilitator of CSP's prostitution rather than Asencio. *See, e.g. United States v. Pringler*, 664 F.3d 445, 450 (5th Cir. 2014) (evidence that defendant, among other things, took money from the prostitution and advertised for the prostitution was sufficient to support conviction under § 1951(a)).

There is also sufficient evidence that Asencio used means of force, fraud, or coercion to cause CSP to engage in the prostitution. An employee at a nail salon in Oxford that the three visited testified that Asencio shouted at CSP in the salon that she needed to "learn respect" and "learn to listen to him." While CSP testified that she was not afraid of Asencio, Sparkman testified to the contrary. CSP additionally testified that although Asencio told her she would receive half of the money earned from her prostitution, Asencio never actually paid her. This was sufficient for the jury to find that Asencio fraudulently induced her to engage in the prostitution with the promise of money. *See United States v. Maynes*, 880 F. 3d 110, 112–114 (4th Cir. 2018) (affirming conviction under § 1591(a) where defendant fraudulently promised victims share of prostitution proceeds but failed to provide them with the money); *United States v. McMillian*, 777 F.3d 444, 447 (7th Cir. 2015) (holding that the "false promises of love and money" were "enough to establish a violation of section 1591(a)").

---

[2] There conflicting testimony about whether the men paid CSP any money or gave it all to Sparkman. Sparkman testified that the men would pay both CSP and Sparkman, and they would then give Asencio half. CSP testified that the men never paid her directly, but instead, that they would pay Sparkman, who would turn the money over to Asencio. Nonetheless, both testified that at least some of the money CSP earned wound up in Asencio's hands.

Finally, there is sufficient evidence that Asencio knew or recklessly disregarded that fact CSP was a minor. CSP testified that she told Asencio she was 17. Additionally, under subsection (c) if the "defendant had a reasonable opportunity to observe the [victim] . . . . the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years." 18 U.S.C. 1591(c); *United States v. Copeland*, 820 F.3d 809, 813 (5th Cir.), *cert. denied*, 136 S. Ct. 2531, 195 L. Ed. 2d 857 (2016). It is undisputed that Asencio observed CSP from the time he picked her up until he left her Baton Rouge.

Asencio contends that Sparkman's testimony should be discredited because she made a plea agreement with the government before testifying. He argues that without Sparkman's testimony, the evidence only establishes that Asencio transported the girls to the cities where prostitution occurred, but otherwise had no involvement. The jury was informed of Sparkman's plea agreement and instructed on how to properly consider her testimony. Much of her testimony was corroborated by CSP's testimony. The jury was free to determine that Sparkman's testimony was credible. *Johnson*, 381 F.3d at 508. And even without her testimony, CSP's testimony was sufficient to support a finding that Asencio transported her knowing she would engage in prostitution. Accordingly, there is sufficient evidence to support Asencio's conviction under Count One

## II. Venue

Asencio also challenges his conviction under Count Two for transporting a minor across state lines to engage in criminal sexual activity. He argues that because the trip from Hattiesburg, in the Southern District of Mississippi, to Baton Rouge, in the Middle District of Louisiana, never passed through the Northern District of Mississippi, the government failed to prove that any part of the crime took place in this district.

6

The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. Const. amend. VI. Rule 18 of the Federal Rules of Criminal Procedure provides:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18. The federal venue statute, however, provides that:

> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

18 U.S.C § 3237(a). Section 2423 makes it a crime to "knowingly transport [a minor] in interstate or foreign commerce . . . with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423(a). Because an offense under § 2423(a) involves travel in interstate commerce, under § 3237(a) it is a continuing offense, and Asencio may be prosecuted in any district from, through, or into which he traveled in the commission of the crime.

Importantly, the interstate transport element § 2423(a) is only "an element of federal jurisdiction," and not "part of the knowledge requirement." *See United States v. Bennett*, 258 F. App'x 671, 686 (5th Cir. 2007) (holding that venue was appropriate in Southern District of Texas even though defendant did not decide to leave the state with the victim until after he had left that district). While the government must establish that interstate travel occurred for the crime to be

*complete*, the crime *began* wherever Asencio started transporting CSP with intent that she engage in prostitution and continued in each district they traveled to thereafter. Thus, the government may satisfy the venue requirement by establishing Asencio knowingly transported CSP from, through, or into the Northern District of Mississippi to prostitute her; where they eventually crossed state lines is irrelevant for venue purposes.

Both CSP and Sparkman testified that Asencio took them from Hattiesburg to Grenada and Oxford, both in the Northern District, to engage in prostitution, and from Oxford to Hattiesburg and then onto Baton Rouge to further engage in prostitution. Venue was proper in this district.

## Conclusion

Asencio fails to establish that there is insufficient evidence to sustain his convictions under both counts of the superseding indictment. He also fails to establish a miscarriage of justice or a weight of evidence that shows the jury's verdict was incorrect. Accordingly, his motion for a judgment of acquittal or, alternatively, a new trial is denied.

A separate order shall issue.

This, the 30th day of July, 2018.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE