IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

RAYMORRIS ASENCIO                                                    PETITIONER

v.                                                    ACTION NO. 3:17-CR-00031-GHD-RP

UNITED STATES OF AMERICA                                            RESPONDENT

## OPINION DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255

This matter comes before the Court on the Motion of Petitioner Raymorris Asencio to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [174]. The Government has responded to the Motion [176], and the matter is now ripe for resolution. For the reasons stated herein, the Petitioner's Motion shall be denied.

### Factual and Procedural Background

On March 23, 2017, the Government filed an Indictment against the Petitioner [3]. On April 19, 2017, the Government filed a Superseding two-count Indictment against the Petitioner and a second defendant, Brianna Elaine Sparkman [14]. Count 1 of the Superseding Indictment contends that the Petitioner and Ms. Sparkman, aided and abetted by each other, knowingly and intentionally recruited, enticed, harbored, transported, provided, obtained, advertised, and maintained a minor, "CSP", to engage in commercial sex acts knowingly and in reckless disregard of the minor's age [*Id*.]. Count 1 further contends that the Petitioner and Ms. Sparkman did cause, by means of force, threats of force, fraud, and coercion, the minor to engage in commercial sex acts and benefited financially from participation in the venture of the commercial sex acts engaged in by the minor [*Id*.]. Count 2 of the Superseding Indictment avers that the Petitioner and Ms. Sparkman, aided and abetted by each other, knowingly and intentionally transported the minor from Mississippi to Louisiana with intent for the minor to engage in prostitution and sexual activity

[*Id.*]. On August 7, 2017, Ms. Sparkman signed a Plea Agreement, filed August 21, 2017, in which she pled guilty under oath to Count 1 of an Information charging her of knowingly assisting the Petitioner in order to hinder and prevent his trial [53].

The Petitioner's trial took place on March 19-21, 2018; at its conclusion, the jury found the Petitioner guilty on both counts of the Superseding Indictment. On July 6, 2018, the Petitioner filed his Motion for Judgment of Acquittal or Alternatively a Motion for a New Trial Pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure [125]. The Government responded to this Motion on July 13, 2018 [127].

On July 26, 2018, the Court sentenced the Petitioner to 360 months in prison and five years of supervised release [140]. On August 3, 2018, the Court issued an Order [141] and Opinion [142] in which it denied the Petitioner's Motion for Judgment of Acquittal Or, Alternatively, a New Trial. In that Opinion, the Court outlined the pertinent law, elements of the offenses, and the facts that supported the jury's verdict. *United States v. Asencio*, No. 3:17-CR-31-GHD-RP, 2018 WL 3715729 (N.D. Miss. Aug. 3, 2018).

On September 16, 2018, the Petitioner filed an appeal with the Fifth Circuit Court of Appeals [156]. On October 16, 2018, that Court dismissed the Petitioner's appeal for want of prosecution because the Petitioner failed to timely order transcripts and make financial arrangements with the court reporter [159]. On January 11, 2019, the Court of Appeals granted an unopposed motion to reopen the Petitioner's appeal [161]. On April 6, 2020, that Court affirmed this Court's judgment in the case [173]. *United States v. Asencio*, 800 Fed.Appx. 256 (5th Cir. 2020).

The Petitioner has now filed the present Motion to Vacate pursuant to 28 U.S.C. § 2255 [174]. The Government has responded in opposition to the Petitioner's Motion [176].

**Legal Standard**

28 U.S.C. § 2255(a) permits an inmate serving a sentence after conviction of a federal crime to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The inmate may support such a motion by arguing that (1) the sentence was imposed in violation the Constitution or laws of the United States; (2) that the court was without jurisdiction when it imposed its sentence; (3) that the sentence exceeded the maximum authorized by law; or (4) that the sentence is "otherwise subject to collateral attack." *Id.* If an inmate does not contend that there was a constitutional or jurisdictional problem with their sentence, they can still succeed on their motion by arguing that there was an error that constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The petitioner bears the burden of establishing his claims by a preponderance of the evidence. *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). After conducting a preliminary review of a § 2255 motion, a district judge must dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings. On the other hand, if the motion raises a non-frivolous claim to relief, the court must order the Government to take appropriate action, usually by filing a response. *Id.* If good cause is shown, the court has the power to authorize limited discovery. Rules 6-7 of the Rules Governing Section 2255 Proceedings. After reviewing the Government's response and any other additional materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rule 8 of the Rules Governing Section 2255 Proceedings. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is

3

entitled to no relief." 28 U.S.C. § 2255(b). Similarly, an evidentiary hearing is unnecessary if the prisoner does not produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

In cases involving certain structural errors, judicial relief would follow automatically after the errors have been proven. *See Burgess v. Dretke*, 350 F.3d 461, 472 (5th Cir. 2003). In contrast, some errors are harmless and warrant no relief, while others would result in relief only if they had "substantial and injurious effect or influence" in determining the outcome of the prisoner's case. *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993). If a court finds that a prisoner is entitled to relief, then it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Motions filed under this statute are subject to a one-year limitation period. 28 U.S.C. § 2255(f). The clock starts for this statute of limitations from the latest of four possible options:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f)(1-4).

The Supreme Court has held that "[f]or the purpose of starting the clock on § 2255's one-year limitation period… a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v.*

*U.S.*, 537 U.S. 522, 525 (2003). "Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Id.* at 527.

### Analysis and Application

The Petitioner's primary argument in his Motion is that his trial counsel was ineffective because that counsel failed to sufficiently investigate his case, failed to make "basic hearsay objections," refused to allow the Petitioner to testify in his own defense, and failed to call a single witness [174, at 4]. The Petitioner also argues that his right to a fair trial was prejudiced by the fleeting admission of his prior felony conviction [*Id.*, at 5]. These are the sole two issues the Petitioner presents to the Court.

The Court first addresses the Petitioner's second argument, that his right to a fair trial was prejudiced by an allusion to a prior felony conviction. The Fifth Circuit Court of Appeals specifically addressed this point in its affirmance of this Court's August 1, 2018, Judgment [173], noting that the subject statement was "unsolicited and fleeting." *Asencio*, 800 Fed.Appx. at 256-57. The Fifth Circuit held that there was no error behind this Court's decision-making in this regard because the Petitioner failed to show, to a reasonable degree of probability, that the outcome of the proceeding would have been different but for the error [*Id.*; Doc. 173, at p. 3]. This Court similarly rejects the Petitioner's argument now given that he has presented no new argument or evidence regarding this assertion. In sum, the Court finds that the Petitioner has failed to show prejudice regarding the subject testimony. Accordingly, the Court finds that this argument is without merit.

Returning to the issue of ineffective counsel, the Court is guided by *Strickland v. Washington*, 466 U.S. 668, 678 (1984). A federal habeas petitioner who alleges ineffective

assistance of counsel must show that his counsel's performance was deficient, and that this deficient performance resulted in actual prejudice. *Id.* at 687. To establish deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690.

"To establish prejudice under *Strickland*, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; see also *United States v. Harris*, 408 F.3d 186, 189 (5th Cir. 2005). "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

In the case *sub judice*, the Court—as it is required to do—presumes that the Petitioner's attorney was competent. See *United States v. Cronic*, 466 U.S. 648, 665 (1984).

6

The Court takes in turn each of the Petitioner's specific claims in this regard: the alleged failures by his trial counsel to sufficiently investigate his case, to make "basic hearsay objections," and to call a single witness in defense of the Petitioner, as well as counsel's refusal to allow the Petitioner to testify in his own defense [174, at 4].

First, the Petitioner alleges that his counsel failed to sufficiently investigate the case. Beyond that conclusory statement, and other similar conclusory statements, the Petitioner does not make any specific argument or allegation regarding how any alleged failure to investigate the case caused any prejudice. Indeed, a review of the record and the transcript of trial demonstrates that the Petitioner's counsel effectively examined witnesses and made legally sound arguments to the Court.

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Here, the Petitioner has simply not done so. He attaches two affidavits to his Petition – one by Stacey Craft and one by Sean Edwards [174-1]. Both statements, however, simply contain conclusory assertions and do not satisfy the Petitioner's burden to show with specificity how any further investigation would have altered the outcome of the trial; for example, Craft's statement simply outlines that she had a personal relationship with the Petitioner for four years, states that the Petitioner's counsel did not interview her regarding the case and concludes "[h]ad I been allowed [to testify] . . .Raymorris Asencio would have been found not guilty." Her statement does not include any specific testimony she would have provided that would have altered the outcome of the trial.

In sum, the Court finds that the Petitioner has failed to point to specific testimony or facts that, if revealed, would have altered the outcome of the trial. He has instead offered conclusory statements and allegations that are insufficient to meet his burden regarding this argument. Accordingly, the Court finds that this argument is without merit.

Second, the Petitioner argues that his counsel failed to object to certain evidence at trial. Primary among the Petitioner's arguments are that his attorney did not object to hearsay evidence [174, at p. 6]. With one exception, however, the Petitioner does not point to specific evidence or questions to which his trial counsel should have objected. The sole example that the Petitioner mentions involves a motel worker's testimony that a coworker told her that two females, one black and one white, were in the back seat of a car and that they appeared to be minors. The Petitioner fails to allege how this testimony affected the outcome of the trial. In any event, while this testimony was presumably presented to show that the Petitioner's codefendant and a minor were present in Oxford, this fact was more directly proven by the testimony of a nail salon worker who saw the two females with the Petitioner in Oxford on the date in question. Because the Petitioner has failed to demonstrate how his counsel's failure to object to the subject evidence would have altered the outcome of the trial, the Court finds that this argument is without merit.

Third, the Petitioner argues that his counsel's failure to call witnesses during the Petitioner's case-in-chief constituted prejudice. The Fifth Circuit has held that because deciding whether to call witnesses in a trial is a strategic decision, complaints involving uncalled witnesses are "disfavored" as a source of habeas review. *Harris*, at 190; *Buckley v. Collins*, 904 F.2d 263, 266 (5th Cir. 1990); *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). To demonstrate error regarding the failure to call witnesses, the Petitioner must demonstrate that a certain witness' testimony would have helped the Petitioner at trial, and that the witness would have testified to

certain facts or information. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). "[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

The two witnesses the Petitioner mentions, Stacey Craft and Sean Edwards, are noted above. Craft's affidavit contains no hint of exonerating evidence that she would have presented, and instead simply contains statements such as "[h]ad I been allowed [to testify] by Raymorris Asencio's defense attorney Mr. Alton Peterson, Raymorris Asencio would have been found not guilty," which as the Court has noted, are insufficient to meet the Petitioner's burden. Similarly, Mr. Edwards' affidavit concludes "the outcome of the trial would have been completely different had I or the other passenger in the vehicle, Ms. Kameesha Wiley, would have been allowed to testify." [Doc. 174-1]. But, as with Ms. Craft's affidavit, Mr. Edwards' affidavit does not describe what information to which he would have testified that would have altered the outcome of the trial. In short, the Petitioner fails to point to any specific testimony or argue how any such testimony would have impacted the jury's verdict. He has failed to meet his burden and the Court finds that this argument is without merit.

Fourth, the Petitioner asserts that his counsel refused to allow the Petitioner to testify in his own defense. Specifically, the Petitioner alleges that his trial counsel "refus[ed his] explicitly stated right and desire to testify in his own behalf," and that "counsel's refusal to allow [the Petitioner] to testify in his own behalf was professionally unreasonable." [Doc. 174]. The Petitioner alleges, via an affidavit, that he "wanted to testify on [his own] behalf" but that his trial

9

counsel told him he should not testify. Pointedly, the Petitioner does not assert what he might have testified to that would have altered the outcome of the trial.

"The decision of whether to testify belongs to the defendant and his lawyer cannot waive it over his objection." *United States v. Mullins*, 315 F.3d 449, 454 (5th Cir. 2002). An ineffective assistance of counsel claim for failure to allow the defendant to testify does not succeed unless the defendant "overcome[s] a strong presumption that counsel's decision not to place him on the sand was sound trial strategy." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2011).

The Petitioner makes no showing as to what he would have testified if he had taken the stand. In fact, had the Petitioner testified, his prior felony convictions embezzlement, robbery, and domestic violence would have been proper grounds for cross-examination. Thus, the Petitioner falls short of overcoming the strong presumption that his trial counsel's decision not to place him on the stand was sound trial strategy.

In addition, at the trial of this case, the Court specifically advised the Defendant of his right to testify should he choose to do so; the Defendant acknowledged that he understood he had the right to testify if he elected to do so, and he chose to remain silent. [Trial Transcript, 3/21/2018, Doc. 170, at pp. 437-38]. Specifically, the following colloquy occurred between the Defendant, his attorney, and the Court:

THE COURT: Okay. Mr. Asencio, if you would please stand, you and your attorney, and face the Court. Now, sir, I want you to understand that under the Constitution of the United States and the criminal statutes of the United States you have a right to testify if you chose to do so. Do you understand that?

THE DEFENDANT: Yes, sir. Yes, sir.

THE COURT: If you elect not to testify, you certainly have that right. You have the right to remain silent. And I will instruct the jury that they are not to draw any inference of guilt from the fact that you did not testify. That's certainly a right that you have pursuant to the Constitution of the United States, but I want you to know -- I want you to understand that you do have a right to testify if you elect to do so. I'm sure your attorney has gone through this at length with you, but I just -- I want to be sure you understand that.

THE DEFENDANT: Yes, sir.

*See* Trial Transcript, 3/21/2018, Doc. 170, at pp. 437-38. For all of these reasons, the Court therefore finds that this argument is without merit. The Defendant was clearly advised of his right to testify and he falls short of overcoming the strong presumption that his trial counsel's decision not to place him on the stand was sound trial strategy

Finally, the Petitioner argues, in a single passing reference, that his counsel's failure to present mitigating evidence at sentencing was prejudicial. The Petitioner raised this issue in his direct appeal to the Fifth Circuit, which found no error. As to a trial counsel's performance at sentencing, the Fifth Circuit has held that performance is deficient when counsel fails to "research facts and law and raise meritorious arguments based on controlling precedent" and when a defendant shows that there is a reasonable probability that, but for the subject counsel's action, the defendant would have received a lesser sentence. *United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009); *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004); *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). Here, the Petitioner points to no specific mitigating evidence that might have been presented at sentencing or how his counsel's performance at sentencing impacted the sentence that the Petitioner received. Indeed, addressing this argument on direct appeal, the Fifth Circuit found that this Court "explicitly stated it had considered the § 3553(a)

11

factors in determining the sentence" and found no error. *Asencio*, 800 F. App'x at 257. The Petitioner does not argue that any procedural error was made regarding the calculation of the Sentencing Guideline range or in the Presentence Report. This Court sentenced the Petitioner to the low end of the 360-month to Life sentencing range. The Petitioner simply presents no evidence that would support a different Guideline range or sentence. Accordingly, the Court finds that this argument is without merit.

### Conclusion

For the reasons stated above, the Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence Under 28 U.S.C. § 2255 [174] shall be denied. An Order in accordance with this Opinion shall issue this day.

THIS, the 9th day of May, 2023.

SENIOR U.S. DISTRICT JUDGE